UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
HENRY Y. LORTHE              :
                             :           PRISONER
      v.                     :  Case No. 3:01CV1479 (AWT)
                             :
WARDEN                       :
```

ORDER OF DISMISSAL

The petitioner commenced this action by petition for writ of habeas corpus filed August 7, 2001. The petition asserted one ground for relief and contained no information suggesting that the petitioner had exhausted his state court remedies on that claim. Approximately one month later, the petitioner filed a motion seeking permission to withdraw his petition or to stay the case to enable him to exhaust his state court remedies.

On September 13, 2001, the court stayed this action and instructed the petitioner to initiate an action in state court to exhaust his claim. In addition, the court instructed the petitioner to file a status report informing the court of the progress of his case. (See Doc. #4.) On February 21, 2002, the petitioner filed his status report, indicating that he had commenced an action in state court. He identified the case as Lorthe v. Warden, CV-01813116.

On June 5, 2002, the court held a status conference in open court to inquire about the progress of the state habeas petition.

Although the petition had not been ordered served, Assistant State's Attorney Michael O'Hare, from the Office of the Chief State's Attorney attended the conference. Attorney O'Hare confirmed that the petitioner had filed a state habeas petition on May 2, 2002. The court instructed the petitioner that, if he wanted this court to review the merits of his claim, he must inform this court when the proceedings on his state habeas action concluded. The court impressed upon the petitioner the need to so inform this court within thirty days after the conclusion of the proceedings in state court and advised him that this case could be dismissed if he failed to comply with that requirement.

The court has reviewed the state court docket and discovered that no case was filed with the docket number provided by the petitioner in his February 2002 status report. The petitioner has, however, filed two state habeas actions. The first, <u>Lorthe v. Warden</u>, HHD-CV-02-0816159-S, was filed on May 2, 2002. Judgment for the defendant was entered on July 19, 2002, and the petitioner did not appeal. The second, <u>Lorthe v. Warden</u>, TSR-CV-03-0823882-S, was filed on January 7, 2003. A judgment of dismissal was entered on June 16, 2004. Again, the petitioner did not appeal.

The court assumes that the first state habeas action is the one referenced at the status conference. The petition was denied almost four years ago. Although that petition was denied only

six weeks after the status conference, the petitioner neither informed the court that the petition had been denied nor appealed the denial in an effort to complete the exhaustion process. In addition, even if the second state petition was also related to the claim in the federal petition, that case was dismissed nearly two years ago. Again, the petitioner neither informed the court of the dismissal nor filed an appeal.

When the district court stays a federal petition to enable the petitioner to exhaust claims in state court, the stay is conditioned on the prompt return to federal court upon completion of the state court action. If the petitioner fails to comply with the condition, the court can vacate the stay, "nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001).

Accordingly, the stay in this case is hereby **VACATED** and the petition [**doc. #2**] is hereby **DISMISSED** for failure to exhaust state court remedies and to comply with the court's order.

The Clerk will close this case.

It is so ordered.

Dated this 22nd day of March 2006, at Hartford, Connecticut.

                                                      /s/
                                    Alvin W. Thompson
                                United States District Judge