question of whether or not the defense attorney misinformed his client concerning the sentence promised had constitutional implications:

> " Allison's petition stated that his lawyer,"who had consulted presumably with the judge and solicitor," had promised that the maximum sentence to be imposed was 10years. This allegation, in light of the other circumstances of this case, raised the serious constitutional question whether the guilty plea was knowingly and voluntarily made.see Santobello v. New York, 404 U.S. 257, 30 L.ED. 2d 427, 92 S.CT. 495; Brady v. United States, 397 U.S. 742, 25 L.Ed. 2d 74, 90 S.CT.1463."

This conclusion by this court that a plea may be involuntary, if it is the result of a misrepresentation made by defense counsel as to a promise by the judge or prosecutor, is the same as other federal court decisions. United States ex rel Thurmond v. Mancusi, 275 F.Supp. 508(E.D.N.Y. 1967); Mosher v. Lavalle, 351 F.Supp. 1101 (S.D.N.Y. 1972), affirmed 491 F.2d 1346(1974) ; United States v. Pallotta, 433 F.2d 594(1st Cir.1970); Tarnabine v. Warden of Louisana State Penitentiary, 331 F.Supp. 975 (E.D.La.1971); Mcaleney v. United States, supra.

See Rinehart v. Brewer, 561 F.2d 126 (8th Cir.1977) for a discussion of the totality of circumstances test of determining whether or not a plea of guilty was voluntary. In Rinehart, the defendant had a limited education. The advice of counsel was not correct. The Court held that the circumstances of the plea of guilty was not voluntary. The Court also discussed the question of competence of counsel.
It held counsel was inadequate for, among other reasons, his failure to properly inform defendant of the consequences of his plea of guilty. Therefore, the plea of guilty in this case based on a misrepresentation of counsel was involuntary. Also, not only was the plea involuntary, but the agreed upon sentence

-55-

defense counsel as to sentence was involuntary. The Court went on to say:

> " We also agree with the district's alternative holding that under the particular circumstances of the case, Mosher's guilty plea must be vacated because he was denied the effective assistance of counsel."

A. Petitioner's Plea was Involuntary and Therefore In Violation of Due Process of Law Due To The Misrepresentation of Counsel.

Factually, this case is straightforward. Petitioner Lorthe, a person who spoke predominately Creole and never successfully completed regular schooling in the United States turned himself into the Stamford Police after assaulting his cousin with a knife. Shortly after, the victim became deceased and the charges were changed to Homicide. Petitioner Lorthe was appointed Susan M. Hankins and during Pretrial negotiations, informed Petitioner that the state was willing to offer a 20year sentence if Petitioner plead to Manslaughter. Petitioner obviously not having any knowledge of his situation, did not authorize Attorney Hankins (see attached letter from Atty Hankins) to accept the offer on his behalf.
The Petitioner then hired Attorney Mastronardi expecting that a private attorney would get better results, but the best Atty Mastronardi could do, was a 25year sentence and a plea to murder. Of great concern to the Petitioner, is that he did not get the agreed upon 25 years, but an additional two years.
The law is equally clear. An Involuntary plea is unconstitutional see Machibroda v. United States, U.S. 487(1962). The courts have ruled that a plea induced by the misrepresentation of defense counsel may be involuntary. Blackledge v. Allison, 431 U.S. 63(1977)

In Blackledge, supra, fn.8, the court indicated that the

-56-

was increased by two years during sentencing. Further, despite the Petitioner having adequate counsel in Atty Hankins and going through a canvas before sentencing. The record does not show during the sentencing when the Petitioner was represented by Atty Mastronardi, that an interpretor was present to clearify the proceedings in Creole.

B. Petitioner Was Provided with Inadequate Assistance of Counsel In The Following Manner.

   1. Counsel Misrepresented the Position of the Sentencing Judge.

It us clear in Atty Mastronardi's Letter(see attached), that he relayed to Petitioner Lorthe, that the Judge would sentence him to twenty-five years, if he plead guilty to murder.

An accused in a criminal prosecution is entitled to the effective assistance of counsel at all phases of his criminal proceedings. Tollett v. Henderson, 411 U.S. 258(1973). A guilty plea which is produced as a result of ineffective assistance of counsel in unconstitutional. Henderson, supra; Mosher, supra.

The duty of defense counsel to truthfully advise his client is basic to the adversary system. The American Bar Association Standards relating to the Adminstration of Criminal Justice have applicable sections. The standards relating to the plea of guilty include the following:

> "3.2. Relationship between defense counsel and client.
> (a) Defense counsel should conclude a plea agreement only with the consent of the defendant, and should ensure that the decision whether to enter a plea of guilty or nolo contendere is ultimately made by the defendant.
>
> (b) To aid the defendant in reaching a decision defense counsel, after appropriate investigation should advise the defendant of the alternatives available and of considerations deemed important by him or the defendant in reaching a decision.

The standard is reinforced by§6.2 of the standards relating to the defense function which states:

defense counsel as to sentence was involuntary. The Court went on to say:

> " We also agree with the district's alternative holding that under the particular circumstances of the case, Mosher's guilty plea must be vacated because he was denied the effective assistance of counsel."

A. Petitioner's Plea was Involuntary and Therefore In Violation of Due Process of Law Due To The Misrepresentation of Counsel.

Factually, this case is straightforward. Petitioner Lorthe, a person who spoke predominately Creole and never successfully completed regular schooling in the United States turned himself into the Stamford Police after assaulting his cousin with a knife. Shortly after, the victim became deceased and the charges were changed to Homicide. Petitioner Lorthe was appointed Susan M. Hankins and during Pretrial negotiations, informed Petitioner that the state was willing to offer a 20year sentence if Petitioner plead to Manslaughter. Petitioner obviously not having any knowledge of his situation, did not authorize Attorney Hankins (see attached letter from Atty Hankins) to accept the offer on his behalf.
The Petitioner then hired Attorney Mastronardi expecting that a private attorney would get better results, but the best Atty Mastronardi could do, was a 25year sentence and a plea to murder. Of great concern to the Petitioner, is that he did not get the agreed upon 25 years, but an additional two years.
The law is equally clear. An Involuntary plea is unconstitutional see Machibroda v. United States, U.S. 487(1962). The courts have ruled that a plea induced by the misrepresentation of defense counsel may be involuntary. Blackledge v. Allison, 431 U.S. 63(1977)

In Blackledge, supra, fn.8, the court indicated that the

-58-

6.2 Conduct of Discussions.
   (a) In conducting discussions with the prosecutor the lawyer should keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly to the accused.

Thus, it is clear that defense counsel has a duty to truthfully advise his client of discussions with the prosecutor.

Although, Atty Mastronardi relayed the position of the prosecutor correctly, however, it is obvious that he through his own letter, mislead the Petitioner to believe he would receive twenty-five years if he plead guilty to murder, in which he had no intent.

2. In The Alternative, Counsel Failed To Timely Advise Petitioner Lorthe Of The Change Of Position Of The Sentencing Judge.

If this Court concludes that the sentencing Judge had promised to recommend a sentence of twenty-five years and then changed his mind, then the failure of defense counsel to promptly inform Petitioner Lorthe of this change prior to sentencing, when he learned of it, was a denial of effective assistance of counsel. Baker v. Humphrey, 101 U.S. 494, 500, 25 L.Ed. 1065(1879) held:

> " An attorney must promptly advise his client whenever he has information which it is important the client should receive."

In Michigan, an accused has an almost absolute right to withdraw a proffered guilty plea prior to sentence being imposed. People v. Lewandowski, 394 Mich. 529(1975). The failure of defense counsel to inform Petitioner Lorthe promptly of the change in position of the sentencing Judge deprived Petitioner Lorthe of the opportunity of withdrawing the guilty plea. Thus, there was a denial of the effective assistance of counsel. Also, beyond this argument, the State obviously reconized there was no intent for murder, as shown by it's first recommendation to Atty Susan

-59-



LoRThe 281693
Macdougall C.I
1153 East St South
Suffield, Ct 06080

Kenneth. Fox
627 Quinnipiac Av
New Haven, ct 06513

Legal

THIS CORRESPONDENCE ORIGINATED
FROM AN INMATE AT A
CONNECTICUT CORRECTIONAL FACILITY

- 60 -