H

kenneth fox
attorney at law
627 quinnipiac avenue
new haven, ct 06513
(203) 931-3316

fax: (203) 466-8262

admitted to connecticut
state and federal courts

November 16, 2003

Mr. Yves Henry Lorthe
No. 281693
MacDougall C. I.
1153 East Street South
Suffield, CT 06078

Dear Mr. Lorthe:

I have received copies of the files from Attorney Hankins and Attorney Mastronardi and reviewed them. Based upon my review of all materials, I have concluded that your claims have no merit. I have therefore asked permission from the Court to withdraw as your attorney.

As you are aware, habeas cases are extremely hard to win. In your case, the best possibility was perhaps to go to trial and hope to be convicted only of manslaughter rather than murder. Whether this might have succeeded is not the only issue however. The question is whether Attorney Mastronardi chose the better strategy by advising you to plead to murder with a cap of thirty years rather than risk a trial. You might have been convicted only of manslaughter, but you also would have risked a much longer sentence than thirty years. Given that you admitted to stabbing the victim, the risks were too great.

You will have thirty days in which you can write to the Court in Rockville objecting to my withdrawal. A hearing should be scheduled to hear your objection. The Court may refuse to allow me to withdraw, or it may permit you to proceed pro se, meaning as your own attorney.

You can also send any objection to me and I will file it with the Court for you.

Sincerely,

Kenneth Fox
Special Public Defender

- 83 -

CV 01-813116-S                              :  Superior Court

Yves Henry Lorthe                           :  JD. of Tolland

v.                                          :  at Rockville/Habeas

Warden, State Prison                        :  December 12 , 2003

**TO BE FILED UNDER SEAL**

<u>Motion to Object to Motion for Leave to
Withdraw Appearance pursuant to the "Anders"
Doctrine, and Memornadum of law in Support
Thereof, pursuant to Practice Book §23-41</u>

The undersigned, Petitioner, seeks this court to
not allow attorney Kenneth P. Fox to withdraw his appearance,
and in support thereof respectfully states:

That his claim for ineffective assistance of counsel is
not frivolous and entirely with merit. Also, the Petitioner
believes that a jury should decide if his case is without merit.
In Strickland v. Washington, the Supreme Court established the
standard for evaluating claims of ineffective assistance of
counsel. The defendant must show the following:(1)that counsel's
assistance was unreasonable considering all the circumstances
of the case, and(2) that" there is a reasonable probability
that, absent the errors, the factfinder would have had a
reasonable doubt respecting guilt. Here, Petitioner is alleging
that the entry of the guilty plea was a result of ineffective
assistance of counsel because there is a reasonable probability
that he would not have pleaded guilty to murder, and would have
insisted on going to trial.

The premise of the Petitioner's criminal case is that a
fight accured, the Petitioner subsequently chased the victim,

and inadvertantly caused the victim's death through a stab wound. Petitioner freely turned himself in not aware of the victim's death.

The main issue in dispute of Attorney Fox's motion, is that he states,"Attorney Mastronardi indicated to petitioner that the twenty-five year offer was an error on his part." Petitioner does not agree with this and obviously attorney Fox has taken position with Attorney Mastronardi on this issue. Attorney Mastronardi sent Petitioner a letter dated February 23,2001 (Exhibit A) explaining for the Petitioner to plead guilty to murder charge, to a term of twenty-five years. Despite Attorney Mastronardi stating that he had corrected this error, the original reason the Petitioner plead guilty is obviously, because of the February 23,2001 letter.

The only efforts exhibits by Attorney Fox in pursuing this claim, seems to be just a phone call made to attorney Mastronardi. Obviously, the conversation between Attorney Mastronardi and Petitioner was not recorded and has no way of being revealed. Therefore, leaving only the letter from February 23,2001. This is why the Petitioner's claims are not frivolous because a jury should decide the weight of this letter.

In close, Petitioner invokes the Sixth Amendment right to counsel because this is a critical stage in his habeas proceedings.

Wherefore, for the foregoing reasons, Petitioner request this Court to stop the withdraw of Attorney Fox's appearance and either appoint him substitute counsel or order Attorney Fox to stay on the case until Petitioner has had a proper hearing dealing with this issue.

Respectfully,

_Lorthe Henry_
Mr. Yves Henry/ Lorthe
No.281693
MacDougall C.I.
1153 East St. South
Suffield, Ct-06078

Order

The foregoing been considered, petitioner's motion to object
to motion for leave to withdraw appearance in this habeas corpus
case is hereby ordered: GRANTED/DENIED

BY_____
JUDGE/CLERK

Certification

The undersigned hereby signifies that a copy of the foregoing
was mailed, on December 12 ,2003, to:

Kenneth Paul Fox, Attorney for Petitioner
Special Public Defender
627 Quinnipiac Avenue
New Haven,Ct-06513
(203)931-3316
fax:(203)466-8262
Juris No. 409753

THE LAW FIRM OF

# GARY A. MASTRONARDI

2112 NORTH AVENUE

BRIDGEPORT, CONNECTICUT 06604

(203) 368-0411

GARY A. MASTRONARDI*

FAX (203) 368-6875

EDWARD T. MURNANE, JR.*
*ALSO ADMITTED TO
PRACTICE IN NEW YORK

February 23, 2001

Yves Henry Lorthe, #281693
Walker Correctional Institution
1151 East Street South
Suffield, CT 06078

Re:    **State v. Lorthe**

Dear Henry:

I was in court this morning on your case and, after pre-trying your case with the prosecutor and Judge Kavenewsky, I tried to get into the police lockup to meet with you. Unfortunately, the visiting room was being used by probation officers, and I was told that it would be at least two hours before I could get in to see you. Since I could not wait that long, I left and decided to send you this letter to explain where things stand with your case.

First, I will tell you what occurred at the pretrial. At the pretrial, the state informed Judge Kavanewsky that the only charge to which it would accept a guilty plea from you would be murder. The prosecutor also informed the judge that he believed that an appropriate sentence for you on that charge was thirty years. If you were to plead guilty to murder, that charge carries with it a mandatory <u>minimum</u> of twenty-five years. After listening to the state, the judge informed me that, based upon the facts of the case, and based upon the unwillingness of the state to reduce the charge to something other than murder, (for example, manslaughter), the best he would be able to do in this instance would be to sentence you, upon a plea of guilty to the murder charge, to a term of twenty-five years.

Since, under the law, the prosecutor and <u>only</u> the prosecutor controls what charge you are permitted to plead guilty to, there is virtually nothing that I, or even the judge for that matter, can do. The prosecutor also informed both the judge and me during the pretrial that the reason the state was insisting on a plea to murder rather than some lesser charge was because Jean Rene Bernadel's parents, Paulette and Beauvil, had sent him a letter in which they requested that the state prosecute you to fullest extent possible under the law. In fact, in the letter, the parents ask

- 87 -

that you receive "life" in prison as a sentence. While the prosecutor obviously does not believe that "life" would be an appropriate sentence, he claims that he is under tremendous pressure from Bernadel's family to push for a substantial sentence and that this is the reason he is unwilling to reduce the murder charge against you.

If the state refuses to reduce the charge, the best offer I can get for you from the judge is the "mandatory minimum" permitted under the murder statute – that is, twenty-five years. As I said, the judge indicated to me during the pretrial that if you were willing to plead guilty to the prosecutor's murder charge, he would be willing to impose the minimum sentence permitted under law – twenty-five years. Your case was then continued by the judge until March 16 in order to give me time to meet with you to discuss our options.

It is my intention to visit you at Walker C.I. sometime before March 16 to discuss the judge's offer. During our meeting, you and I will have to make a decision as to whether to accept the judge's offer or take your case to trial. So that, when I come to Walker, we can intelligently discuss your case, I am providing for your review in advance of our meeting the enclosed documents. Please read the witness statements carefully. If we went to trial, these are the people the state would call to testify against you and the statements indicate exactly what the testimony would be. Also enclosed is a copy of the letter the state received from Bernadel's parents asking that you receive a life sentence. Please read everything I have enclosed and be ready to discuss your case with me when we meet.

Finally, the judge today ordered your car released. When I come to see you I will have something for you to sign permitting the police to release your car to your parents.

Very truly yours,

Gary A. Mastronardi

GAM/jmb