| | | |
|---|---|---|
| CV 01-813116 | \| | Superior Court |
| Yves Henry Lorthe | \| | Judicial District of Tolland |
| v | \| | at Rockville / Habeas |
| Warden, State Prison | \| | April 14, 2004 |

# To Be Filed Under Seal

### Supplement to Motion for Leave to Withdraw Appearance pursuant to the "Anders" Doctrine, and Memorandum of Law in Support Thereof, pursuant to Practice Book § 23-41

The undersigned, attorney for the petitioner, hereby files a supplement to his motion for leave to withdraw appearance, consisting of the transcript of petitioner's plea hearing of April 16, 2001.

Respectfully,

*Kenneth Paul Fox*

Kenneth Paul Fox, Attorney for Petitioner
Special Public Defender
627 Quinnipiac Avenue
New Haven, CT 06513
(203) 931-3316
fax: (203) 466-8262
Juris No. 409753

### Certification

The undersigned hereby signifies that a copy of the foregoing was mailed, first class postage prepaid, on April 14, 2004, to **Mr. Yves Henry Lorthe, No. 281693, MacDougall C. I., 1153 East Street South, Suffield, CT 06078**

*Kenneth Paul Fox*   Kenneth Paul Fox

1

| | | |
|---|---|---|
| CR 00-0132150S | ) | SUPERIOR COURT |
| STATE OF CONNECTICUT | ) | JUDICIAL DISTRICT OF STAMFORD/NORWALK |
| VS. | ) | AT STAMFORD |
| YVES HENRY LORTHE | ) | APRIL 16, 2001 |

B E F O R E:   THE HONORABLE JOHN KAVANEWSKY, JUDGE.

A P P E A R A N C E S:

    DAVID COHEN, ESQUIRE,
       State's Attorney

    GARY MASTRONARDI, ESQUIRE,
       Representing the Plaintiff

                                  Barbara Keiski
                                  COURT MONITOR

```
1          MR. COHEN:  If the Court pleases, we
2     have the matter before the Court of Mr.
3     Lorthe, docket number ending in 132150.
4     The defendant is charged with murder.  He
5     is represented by Attorney Mastronardi who
6     is present in the courtroom with the
7     defendant.
8          It's my understanding from counsel
9     that the defendant wishes to withdraw his
10    prior pleas and elections at this time.
11         THE COURT:  Is that right, Mr.
12    Mastronardi?
13         MR. MASTRONARDI:  That is my
14    understanding, yes, Your Honor.
15         THE COURT:  All right.  You may put
16    the defendant to plea.
17         MR. COHEN:  If the Court pleases, I'd
18    ask the clerk to put the defendant to plea
19    on the information.
20         THE CLERK:  Docket FST 132150, State
21    versus Yves Henry Lorthe, Superior Court,
22    State of Connecticut charging Yves Henry
23    Lorthe of murder and charges that in the
24    City of Stamford on or about the 29th day
25    of March 2000 that said Yves Henry Lorthe
26    to cause the death of Jean Renee
27    Burnadell, did stab and cause the death of
```

```
1    Jean Renee Burnadell in violation of
2    Section 53a-54a(a) of the Connecticut
3    General Statutes. To that charge, how do
4    you plead?
5         MR. LORTHE: Yes.
6         THE COURT: Factual basis?
7         MR. COHEN: Yes. If the Court
8    pleases, this incident, as the clerk
9    indicated, took place on the 30th of March
10   of the year 2000 approximately quarter to
11   ten in the evening. There was an earlier
12   altercation that evening between the
13   victim and the relatives of the
14   defendant.
15        At the time in question on Lawn Avenue
16   here in Stamford, the victim was standing
17   talking to some people at Lawn Avenue when
18   the defendant drove up, apparently because
19   of the earlier altercation was angry at
20   the victim and with a knife in his hand
21   started chasing the victim down the street
22   on Lawn Avenue. At some point during the
23   chase, the victim tripped and fell at
24   which point, the defendant came upon the
25   victim and stabbed him with what turned
26   out to be some type of a kitchen knife.
27   That stabbing caused a fatal wound and the
```

```
 1       defendant - the victim, Renee Jean
 2       Burnadell died from that stabbing.
 3              THE COURT:  All right.  This case has
 4       been discussed with me, I know, but the
 5       State will put any plea agreement on the
 6       record.
 7              MR. COHEN:  Yes.  If the Court please,
 8       the State will recommend at the time of
 9       sentencing that the defendant receive a
10       sentence of 30 years in State's Prison.
11              THE COURT:  All right.  And I did say
12       to Mr. Mastronardi and I say to this
13       defendant, of course, the mandatory
14       minimum for this plea is 25 years
15       incarceration, but I would consider
16       argument after reading the PSI and I would
17       consider argument and sentence to no more
18       than 30, but to no less than 25.  I would
19       consider a sentence of 25 years
20       incarceration, but I'm not making a
21       commitment to that at this time.
22              I think that's a fair summary of my
23       representations.
24              All right.  Let me canvas this
25       defendant.
26              Mr. Lorthe, how old are you, sir?
27              MR. LORTHE:  23.
```

```
 1         THE COURT:  All right.  And can you
 2   tell me what's the highest level of
 3   schooling that you finished?
 4         MR. LORTHE:  Twelfth grade.
 5         THE COURT:  Are you now under the
 6   influence of any alcohol, drugs or
 7   medication which would affect your ability
 8   to understand what's happening today?  I
 9   can't hear you.
10         MR. LORTHE:  I was taking medication,
11   but I stopped right now.  I'm not on
12   medication.
13         THE COURT:  You are not now on any
14   medication?
15         MR. LORTHE:  No.
16         THE COURT:  Have you had enough time
17   to talk to your attorney about this matter
18   in your decision to plead guilty today?
19         MR. LORTHE:  Yes.
20         THE COURT:  And are you satisfied
21   with your attorney's advice and
22   representation?
23         MR. LORTHE:  Yes.
24         THE COURT:  Have you discussed with
25   your attorney the nature and elements of
26   the crime that you are pleading to and the
27   general nature of the evidence the State
```

1    says that it has against you?

2       MR. LORTHE: Yes.

3       THE COURT: Essentially, the State

4 would have to prove that you caused the

5 death of Mr. Burnadell with the intent to

6 cause the death of Mr. Burnadell. Do you

7 understand that's what the State would

8 have to prove to convict you of the crime

9 of murder? Do you understand that?

10       MR. LORTHE: Yes.

11       THE COURT: You have speak up so I

12 can hear you.

13       MR. LORTHE: Yes.

14       THE COURT: All right.

15 And you understand that the maximum

16 penalty here is 60 years incarceration.

17 The mandatory minimum penalty by statute

18 is 25 years incarceration. Do you

19 understand that?

20       MR. LORTHE: Yes.

21       THE COURT: There are also fines, but

22 there is no fine as any part of a plea

23 agreement, so that's of no relevance here.

24 Do you understand that, too?

25       MR. LORTHE: Yes.

26       THE COURT: Are you on probation or

27 parole anywhere?

1    MR. LORTHE:  No.
2    THE COURT:  Do you understand that by
3  pleading guilty, you are giving up certain
4  of your rights?  You're giving up your
5  right to a trial with the assistance of
6  your attorney, your right against self
7  incrimination, the right to continue to
8  plead not guilty and have the State prove
9  your guilt beyond a reasonable doubt, the
10  right to confront and cross examine the
11  witnesses against you, the right to
12  testify and the right to present any
13  defenses you have.  Do you understand by
14  pleading guilty today, you're giving up
15  all of those rights?
16    MR. LORTHE:  Yes.
17    THE COURT:  If you are not a citizen
18  of the United States, I have to tell you
19  that conviction of the offense for which
20  you've been charged and that you're
21  pleading to may have consequences of
22  deportation, exclusion from admission to
23  the United States or denial of
24  naturalization pursuant to the laws of the
25  United States.  Do you understand that,
26  too?
27    MR. LORTHE:  Yes.

```
 1            THE COURT:  Now, please listen
 2       carefully to this as well.
 3            The plea agreement here is as follows.
 4            I'm going to order a presentence
 5       investigation.  Based upon that, based
 6       upon what I hear from the attorneys, from
 7       you, if you wish, and others on your
 8       behalf, based upon what I hear from
 9       representatives of the victim, I will
10       decide what sentence to impose.  However,
11       the State is recommending a sentence of 30
12       years in jail.  I will not impose a
13       sentence of more than 30 years.  If I do,
14       you'll be allowed to withdraw your plea.
15       But if I impose a sentence of 30 years or
16       less down to 25, then you are bound by
17       that plea and that sentence.  Do you
18       understand that?
19            MR. LORTHE:  Yes.
20            THE COURT:  And as I said to your
21       attorney, I will consider a lesser
22       sentence down to the statutory mandatory
23       minimum of 25 years.  So, you're going to
24       have a right to argue for that.  And I'll
25       decide what sentence is right to impose
26       within that window of 25 to 30 years in
27       jail.  Do you understand that?
```

```
1          MR. LORTHE:  Yes.
2          THE COURT:  Has anything else been
3     promised to you to get you to plead
4     guilty, anything at all?  You have to
5     answer out loud.  If you have a question,
6     you can talk to your lawyer.  But my
7     question is, has anything else been
8     promised to you other than what I have
9     just said?
10         MR. LORTHE:  No.
11         THE COURT:  All right. Is that a
12    fair representation of the plea agreement?
13         MR. COHEN:  Yes, it is, Your Honor.
14         THE COURT:  Mr. Mastronardi?
15         MR. MASTRONARDI:  To my understanding,
16    yes, Your Honor.
17         THE COURT:  All right.
18         Do you have any questions about that,
19    sir?  Do you have any questions about that
20    plea agreement?
21         MR. LORTHE:  No.
22         THE COURT:  Is that the plea
23    agreement you wish to accept?
24         MR. LORTHE:  Yes.
25         THE COURT:  And you heard the State's
26    Attorney tell me what the facts were.
27    Were those facts substantially correct,
```

| | |
|---|---|
| 1 | that is, you did what the State says you |
| 2 | did? Was that substantially correct? |
| 3 | MR. LORTHE: Yes. |
| 4 | THE COURT: All right. Does either |
| 5 | attorney know of any reason why I should |
| 6 | not accept the plea? |
| 7 | MR. COHEN: No, Your Honor. |
| 8 | MR. MASTRONARDI: No, Your Honor. |
| 9 | THE COURT: Okay. I see the Victim's |
| 10 | Advocate here, I assume with |
| 11 | representatives of the victim. And I |
| 12 | assume that you've indicated that they'll |
| 13 | be contacted by probation as part of the |
| 14 | PSI and that they will have the right to |
| 15 | be heard at the time of sentencing. Is |
| 16 | there anything else the victims wish to be |
| 17 | heard on today? |
| 18 | VICTIM'S ADVOCATE: No, Your Honor. |
| 19 | They were just in agreement with what was |
| 20 | presented today. |
| 21 | THE COURT: All right. Fine. All |
| 22 | right. |
| 23 | Then I'll make a finding that this |
| 24 | defendant's plea is voluntarily and |
| 25 | understandingly made with the assistance |
| 26 | of competent counsel, there's a factual |
| 27 | basis for the plea. The plea is accepted |

```
 1    and a finding of guilty shall enter.
 2         I'll continue this matter for a
 3    presentence investigation. Madame Clerk?
 4         THE CLERK:  May 31.
 5         THE COURT:  What day of the week is
 6    that?
 7         THE CLERK:  Thursday.
 8         THE COURT:  Is that the Thursday
 9    before the holiday?
10         THE CLERK:  It is the Thursday after
11    the holiday.
12         MR. COHEN:  Thursday after the
13    holiday, Your Honor.
14         THE COURT:  Oh, okay.  May 31, Mr.
15    Mastronardi?
16         MR. MASTRONARDI:  That sounds fine,
17    Your Honor.
18         THE COURT:  All right.  May the 31st
19    for a presentence investigation for
20    sentencing in this matter.
21         Does that conclude the matter?
22         MR. COHEN:  I believe it does, Your
23    Honor.
24         THE COURT:  This court stands in
25    recess.
26    *                *                *
27
```

```
CR 00-0132150S          )    SUPERIOR COURT

STATE OF CONNECTICUT    )    JUDICIAL DISTRICT OF
                             STAMFORD/NORWALK

VS.                     )    AT STAMFORD

HENRY Y. LORTHE         )    APRIL 16, 2001
```

C E R T I F I C A T E

I hereby certify that the foregoing is a true and accurate transcription of the tape recording of the hearing held before the Honorable John Kavanewsky, Judge, held on April 16, 2001.

*Barbara Keiski* (signature)
Barbara Keiski
COURT MONITOR