| | | |
|---|---|---|
| NO. CV 01 813116 S | : | SUPERIOR COURT |
| YVES HENRY LORTHE | : | JUDICIAL DISTRICT OF TOLLAND, |
| VS. | : | AT ROCKVILLE |
| WARDEN, STATE PRISON | : | APRIL 21, 2004 |

### MEMORANDUM OF DECISION
### RE: SPECIAL PUBLIC DEFENDER'S MOTION TO WITHDRAW

**I.   FACTS**

By way of guilty plea, the petitioner, Yves Henry Lorthe, was convicted of Murder in violation of General Statutes section 53a-54a. On June 13, 2001, the court (Kavanewsky, J.) sentenced the petitioner to the custody of the Commissioner of Corrections for a term of twenty-seven years.

On November 26, 2001, the petitioner filed a Habeas Corpus petition claiming that his conviction was illegal due to ineffective assistance of counsel. The petitioner also claims that his conviction was illegal because he was not adequately advised of the possible immigration consequences resulting from his plea.

As a result of the petitioner's pro se petition, the court appointed a special public defender to represent the petitioner. The special public defender has reviewed the file and has concluded that there are no non-frivolous arguments in support of the petitioner's claims. Consequently, the special public defender has filed a motion and supporting memorandum to withdraw pursuant to *Anders* v.


*California*, 386 U.S. 738 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The petitioner was notified and has responded.

This Court has reviewed the file and grants the Special Public Defender's Motion to Withdraw his appearance.

## II. **DISCUSSION**

The right to appointed counsel is available only where there is a non-frivolous claim. *Anders v. California*, supra, 386 U.S. 744-45; *State v. Pasucci*, 161 Conn. 382, 385, 288 A.2d 408 (1971); Practice Book Section 23-41, 42. "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California*, supra, 386 U.S. 744-45; *State v. Pasucci*, supra, 161 Conn. 385; Practice Book Section 43-34. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, supra, 744-45; *State v. Pasucci*, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. *Anders v. California*, supra, 744-45; *State v. Pasucci*, supra, 386.

If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. *Anders v. California*, supra, 386 U.S. 744. See also *State v. Pasucci*, supra, 161 Conn. 387 (adopting *Anders* requirements). The Connecticut Supreme Court has recently determined that a claim is not frivolous as a matter of law when "(1) the issue is debatable among jurists of reason; (2) a court could resolve the issue in a different manner; or (3) the question is adequate to proceed further." *State v. Turner*, 267 Conn. 414, 433, 838 A.2d 947 (2004).

2

A.  Petitioner's Ineffective Assistance of Counsel Claim

The petitioner's habeas claim asserts ineffective assistance of counsel. "The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. The right to counsel is the right to effective assistance of counsel...." *State* v. *Mason*, 186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. *Commissioner of Correction* v. *Rodriguez*, 222 Conn. 469, 478, 610 A.2d 631 (1992).

In *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); "the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel during criminal proceedings: the defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; id., 687-88; and (2) that defense counsel's deficient performance prejudiced the defense. Id., 694." *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 154, 662 A.2d 718 (1994).

The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland* v. *Washington*, supra, 466 U.S. 690; *Quintana* v. *Warden*, 220 Conn. 1, 5, 593 A.2d 964 (1991). "The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland* v. *Washington*, supra, 690; *State* v. *Talton*, 197 Conn. 280, 297, 97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide

3

range of reasonable professional assistance.[1] *Strickland* v. *Washington*, supra, 689; *Quintana* v. *Warden*, supra, 220 Conn. 5.

In the present action, the petitioner asserts ineffective assistance of counsel on the grounds that he was denied his right to confront adverse witnesses and was sentenced upon a guilty plea that did not comply with the relevant Practice Book provisions. The public defender contends, and the record indicates, that the petitioner waived his rights to confront witnesses and that the guilty plea complied with Sections 39-19 and 39-20 of the Practice Book. A thorough review of the petitioner's file has failed to demonstrate that there are non-frivolous claims of ineffective assistance of counsel.

B.  Advisement of Immigration Consequences of a Plea

The petitioner also claims that his attorney failed to advise him of immigration consequences concerning his guilty plea. The public defender indicates that the petitioner's trial counsel did advise the petitioner of the consequences. Furthermore, a review of the trial transcripts reveals that the court advised the petitioner of the consequences of a guilty plea on his immigration status.

The record indicates that the petitioner was informed by the court of possible immigration

---

[1] In *Strickland*, the Court opined: "It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Citation omitted; internal quotation marks omitted.) *Strickland* v. *Washington*, 466 U.S. 689 403-404, 559 A.2d 1094 (1989).

4

consequences. (Transcript of April 16, 2001, p. 7.) Specifically, the court informed the petitioner of the possibility of deportation, excluding the petitioner from the United States, or the denial of naturalization. Id. The petitioner acknowledged during the court's canvass that he understood the possible consequences of his guilty plea on his immigration status. Id. Therefore, the public defender's argument, that no non-frivolous claim exists with regard to the advisement of the petitioner of the possible immigration consequences of his guilty plea, is supported by the record.

Consequently, this Court finds, after reviewing the entire file and reading the petitioner's memorandum, that the petitioner is unable to substantiate his claims. The petitioner has failed to demonstrate that there are any non-frivolous claims to be tried.

### III.     CONCLUSION

This Court finds, therefore, that there are no non-frivolous issues to be tried. Accordingly, this Court **GRANTS** the special public defender's motion to withdraw.

Furthermore, since this Court finds absolutely no merit to petitioner's claims, the Habeas Petition is hereby **DISMISSED**. Practice Book Section 23-42.

BY THE COURT,

_____
Hon. Jonathan J. Kaplan

Copies mailed/given to:

Yves Henry La the (w/pet ort. + memo)
Atty. Fox ✓
Judge Kaplan
        4/21/04    T 108v7, court officer

5

## STATE OF CONNECTICUT

| | | |
|---|---|---|
| DOCKET NUMBER: CV01-813116 S | : | SUPERIOR COURT |
| | : | |
| LORTHE, YVES HENRY, #281693 | : | JUDICIAL DISTRICT OF |
| | : | TOLLAND AT ROCKVILLE |
| V. | : | |
| | : | |
| WARDEN | : | DATE: APRIL 21, 2004 |

### JUDGMENT

Judgment is entered dismissing the petition for a writ of habeas corpus.

By the Court, (J. Kaplan, J.)

_____
TYRONE G. BINIARZ, COURT OFFICER

JDNO
4/21/04
T6cS

14.00