UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **HENRY LORTHE, Inmate #281693** | : | E-FILE |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:01-CV-001479 (AWT) |
| | : | |
| **WARDEN,** | : | |
|     Respondent. | : | September 3, 2008 |

### RESPONDENT'S ANSWER TO AMENDED APPLICATION FOR A WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and pursuant to order of the Court (Thompson, J.) on July 1, 2008 and August 6, 2008, the respondent submits this answer in response to the petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. #33) ("amended petition").[1]

The respondent denies the general averments in the opening paragraph of the petitioner's Amended Application for a Writ of Habeas Corpus ("amended petition") that the petitioner's judgment of conviction is unlawful in that it rests upon the deprivation of his constitutional right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution as well as the deprivation of his constitutional right to due process under the Fifth and Fourteenth Amendments to

---

[1] The respondent anticipates that the parties will enter into a briefing schedule to more fully address the claims in the amended petition, at which time the respondent intends to file all transcripts, briefs on appeal and transcripts in accordance with Rules 5(c) and (d), by leave of the Court. As such, a motion for leave to submit those required documents at a later date accompanies this Answer.

the United States Constitution. All other general allegations in the introductory paragraph that are not specifically admitted are denied.

As to the specifically enumerated paragraphs of the amended petition, the respondent answers as follows:

1. The respondent is without sufficient information to either admit or deny the allegations of paragraph one and, therefore, leaves the petitioner to his proof.

2. Admitted.

3. The respondent admits that the petitioner fatally stabbed his cousin, Jean Renee Bernadel, in Stamford on March 29, 2000, at approximately 9:46 p.m. The respondent is without sufficient information to either admit or deny the remaining allegations of paragraph three and, therefore, leaves the petitioner to his proof.

4. The respondent admits that the petitioner presented himself to the Stamford Police Department on March 29, 2000, where he gave a written statement to police in connection with the stabbing. As to the remaining allegations of paragraph four,[2] including subparts (a) through (e), the respondent denies any claims with respect to the petitioner's statement other than the actual contents of said document and leaves the petitioner to his proof.

4. As to the allegations of the second enumerated paragraph 4, the respondent is without sufficient information to either admit or deny the allegations and, thus, leaves the petitioner to his proof.

---

[2]The amended petition mistakenly lists two paragraphs numbered "4". This response is to the first enumerated paragraph 4, which begins on page 3 of the amended petition.

5.	In response to the allegations of paragraph five, including subparagraphs (a) through (f), the respondent states that Stamford police obtained several written statements, to wit:

| Person Giving Statement | Date | Time |
| --- | --- | --- |
| Yves Henry Lorthe | 03/29/2000 | 10:27 p.m. |
| Prayon Truesdale | 03/29/2000 | 10:30 p.m. |
| Wilsam Coriolan | 03/29/2000 | 10:40 p.m. |
| Alex Deus | 03/29/2000 | 11:07 p.m. |
| Mimose Lorthe | 03/30/2000 | 2:40 p.m. |
| Jessica Putzig | 03/31/2000 | 3:41 p.m. |
| Allanda Lyle | 03/31/2000 | 7:25 p.m. |

As to all other allegations of paragraph five, including the subparts, the respondent denies any claims with respect to the written statements other than the actual contents of said documents and leaves the petitioner to his proof.

6(a).	The respondent is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6(a) and, thus, leaves the petitioner to his proof.

6(b).	The respondent admits that Officer McGinty of the Stamford Police Department interviewed Ernest Lorthe and documented such conversation in an incident report dated March 30, 2000. As to any other allegations of paragraph 6(b), the respondent denies any claims with respect to the incident report other than the actual contents of said document and leaves the petitioner to his proof.

7. As to the allegations of paragraph seven, the respondent admits that On March 29, 2000, Officer Rondano of the Stamford Police Department recovered a 13 ¼" knife with an 8" blade at the crime scene near a blood stain approximately 6" wide and 12 ½" long. The respondent further admits that on March 30, 2000, an officer with the Stamford Police Department recovered a kitchen knife broken into two pieces at the scene of the crime. The broken knife had a 5 ¾" blade and 4" brown wooden handle, which handle was located approximately 30" from the knife blade. The respondent also admits that Stamford police recovered a "baseball size" rock in the grass area approximately 31 feet from where the victim was discovered. The respondent has insufficient information to admit or deny any other allegations and leaves the petitioner to his proof.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. The respondent admits that Public Defender Susan Hankins initially was appointed to represent the petitioner. The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph twelve and, thus, leaves the petitioner to his proof.

13. Admitted.

14. The respondent is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph fourteen and, thus, leaves the petitioner to his proof.

15. The respondent admits that on behalf of the petitioner Attorney Gary Mastronardi entered an appearance in lieu of the public defender on August 23, 2000. The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph fifteen and, thus, leaves the petitioner to his proof.

16. – 20. The respondent is without sufficient knowledge or information to either admit or deny the allegations contained in paragraphs sixteen through twenty and, thus, leaves the petitioner to his proof.

21. The respondent admits that Kenneth M. Selig, M.D. examined the petitioner in connection with his murder case. The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph twenty, including subparagraphs (a) through (h), and, thus, leaves the petitioner to his proof.

22. – 23. The respondent is without sufficient knowledge or information to either admit or deny the allegations contained in paragraphs twenty-two and twenty-three and, thus, leaves the petitioner to his proof.

24. The respondent admits that on April 16, 2001, the petitioner appeared before Judge Kavenewsky in the Superior Court for the Judicial District of Stamford in Docket Number CR 00-0132150-S and entered a plea of guilty to the charge of murder,

wherein the State recommended a sentence of not less than 25 years and not more than 30 years incarceration, with the petitioner allowed to argue for 25 years. As to the specifically enumerated subparagraphs (a) through (g), the respondent answers:

    (a)    The respondent admits that the petitioner responded "yes" to the Court Clerk's question as to how he pled to the charge of murder in violation of Connecticut General Statutes § 53a-54a(a).[3] The respondent is without sufficient information to either admit or deny the remaining allegations of paragraph 24(a) and, thus, leaves the petitioner to his proof.

    (b)    Admitted.

    (c)    Admitted.

    (d)    Denied.

    (e)    Admitted.

    (f)    Admitted.

    (g)    The respondent is without sufficient knowledge or information to either admit or deny the allegations contained in subparagraph 24(g) and, thus, leaves the petitioner to his proof.

    25.    The respondent admits that the court ordered a presentence investigation report. The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph twenty-five and, thus, leaves the petitioner to his proof.

---

[3] See Exhibit J (Doc. 33-11, pp. 3-4) to Petitioner's amended petition, Tr. 04/16/2001.

26.  The respondent admits that the petitioner was sentenced by the court, *Kavenewsky, J.*, on June 13, 2001.  The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph twenty-six and, thus, leaves the petitioner to his proof.

27.  The respondent admits that the transcript of the sentencing hearing indicates that the petitioner provided a written statement to the court, *Kavenewsky, J.*, who reviewed the statement prior to sentencing the petitioner.[4]  The remaining allegations are denied.

28.  Admitted.

29.  Admitted.

30.  The respondent admits that a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed in this docket number in the District of Connecticut on August 7, 2001 (Doc. # 2).

31.  The respondent admits that on September 4, 2001, the petitioner filed a motion to withdraw or to stay pending exhaustion of state proceedings (Doc. # 3).

32.  Admitted.

33.  The respondent is without sufficient information to either admit or deny the allegations of paragraph thirty-three and, thus, leaves the petitioner to his proof.[5]

---

[4] See Exhibit G (Doc. # 33-8) to the amended petition, Tr. 06/13/2001 at pages 69-70.

[5] The respondent notes that the petitioner attached a letter as an exhibit to his amended petition that appears to be from Attorney Mastronardi addressing a grievance filed by this petitioner.

34. The respondent admits that this petitioner filed a *pro se* state petition for writ of habeas corpus on December 3, 2001 in Docket Number CV 01-0813116, Superior Court, Judicial District of Hartford. As to the specific claims raised in the *pro se* state habeas petition, the respondent answers that the petitioner claimed:

> That his conviction is illegal because: (1) he has been denied his right to confront witnesses against him and have a compulsory process for obtaining witnesses in his favor pursuant to the sixth amendment to the United States Constitution; (2) he was sentenced upon a guilty plea without substancial [sic] compliance with §39-19 and 39-20 of the Connecticut Practice Book; (3) he was not advised as to his immigration rights pursuant to § 54-1j of the Connecticut General Statutes and due process requirement of the fifth amendment, enforcible [sic] through the fourteenth amendment to the United States Constitution and; (4) all of the above was the result of the Petitioner being denied his right to effective assistance of counsel, in violation of the sixth amendment to the United States Constitution. See Petition for Writ of Habeas Corpus dated November 26, 2001 at pages 1-2, Exhibit 1.

The respondent further admits that, as part of his factual basis in support of his legal claims, the petitioner claimed that Dr. Selig was not provided any information concerning his childhood, culture or family background, that Dr. Selig did not discuss with him his upbringing or family history or the night of the murder, and that Attorney Mastronardi should have withdrawn based on the petitioner's inability to pay for further psychological tests. All other allegations not specifically admitted are denied.

35. The respondent admits that the petitioner did not file a direct appeal from his judgment of conviction. The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations and, therefore, leaves the petitioner to his proof.

36. The respondent states that on December 21, 2001, the court, *Rittenband, J.*, issued an order referring the petitioner to the Office of the Chief Public Defender's

Habeas Corpus Unit, for a determination as to appointment of counsel.  See Exhibit 2. In addition, on May 21, 2002, the court, *Rittenband, J.*, granted the Public Defender's motion to appoint Attorney Kenneth Fox to represent the petitioner in his state habeas matter.  See Exhibit 3.  The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph thirty-six and, thus, leaves the petitioner to his proof.

      37.    The respondent states that the Public Defender's motion to appoint Kenneth Fox to represent the petitioner was granted by the court on May 21, 2002.  See Exhibit 3.  In addition, the respondent admits that Kenneth Fox's appearance was filed in lieu of the Office of the Chief Public Defender on June 19, 2002.  See Exhibit 4.  The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations and, thus, leaves the petitioner to his proof.

      38.    The respondent admits that the docket report for the instant case reflects that a status conference was held on June 5, 2002.  (Doc. ## 8, 11.)  The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations and, thus, leaves the petitioner to his proof.

      39.    Admitted.

      40.    The respondent is without sufficient knowledge or information to either admit or deny the allegations in paragraph forty and, therefore, leaves the petitioner to his proof.

41.     The respondent is without sufficient knowledge or information to either admit or deny the allegations in paragraph forty-one and, therefore, leaves the petitioner to his proof.

41.[6]     As to the allegations contained in the second enumerated paragraph forty-one, the respondent has insufficient knowledge or information to either admit or deny those allegations and, thus, leaves the petitioner to his proof.

42.     The respondent admits that Attorney Kenneth Fox filed a motion for permission to withdraw as petitioner's counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See Exhibit 5. The respondent has insufficient knowledge or information to either admit or deny the remaining allegations in paragraph forty-two and, therefore, leaves the petitioner to his proof.

43.     The respondent admits that the memorandum of law submitted by Attorney Fox provides in relevant part:

> Also, in his habeas petition, petitioner indicated that Attorney Mastronardi ought to have raised "cultural" factors relating to petitioner's origins in Haiti, that might be the basis for defenses to the murder charge. Petitioner also suggested that he did not understand what was happening at the plea hearing because he failed to complete high school and had a poor understanding of English and should have been provided a Haitian Creole interpreter. These claims were also raised in the grievance. Attorney Mastronardi represented to the grievance by stating that he never had any indication, in dealing with petitioner, that he did not understand what was being said to him, or that his own statements, in English, were not fully intended and comprehended by him. The undersigned would also indicate that in his dealings with petitioner there has never been a suggestion by the petitioner that an interpreter was needed, or that he did not understand conversations, letters and documents in English. See Exhibit 5 at pp. 4-5.

All other allegations are denied.

---

[6]The amended petition contains two paragraphs numbered 41.

44.	The respondent admits that Attorney Fox concluded that "there is no credible basis for claiming ineffective assistance of counsel against either Attorney Hankins or Attorney Mastronardi" and that the petitioner's claims were "frivolous and entirely without merit."  See Exhibit 5 at p. 5.  The respondent is without sufficient knowledge or information to either admit or deny the remaining allegations and, thus, leaves the petitioner to his proof.

45.	The respondent is without sufficient knowledge or information to either admit or deny the allegations of paragraph forty-five and, thus, leaves the petitioner to his proof.

46.	Admitted, but states that the *pro se* objection was filed on December 17, 2003.

47.	Admitted.

48.	The respondent admits that the court, *Kaplan, J.*, granted Attorney Fox's motion to withdraw on  April 21, 2004, and *sua sponte* dismissed the state petition for writ of habeas corpus, pursuant to Connecticut Practice Book § 23-42.  See Exhibit 6.  All remaining allegations are denied.

49.	The respondent admits that the petitioner filed a petition for certification to appeal the judgment of the state habeas court as well as an application for waiver of fees and appointment of counsel on April 29, 2004.  The court granted the fee waiver application on October 1, 2004 and granted the petition for certification to appeal on March 14, 2005.

50. The respondent admits that on March 22, 2006, this Court, *Thompson, J.*, vacated the Stay order in this case and dismissed the federal petition for failure to exhaust state remedies and to comply with the court's previous order.

51. Admitted.

52. Admitted.

53. The respondent admits that on or about October 3, 2004, the petitioner, through counsel, filed his appeal brief in the state habeas action wherein he requested the state habeas court's order to be vacated and that new counsel be appointed to represent him in his state habeas action.  All other allegations not specifically admitted are denied.

54. Admitted.

55. Admitted.

56. The respondent admits that the petitioner's motion to reopen the instant federal action was filed on January 7, 2008, which the court, *Thompson, J.*, granted on January 23, 2008.  All other allegations not specifically admitted are denied.

## GROUNDS FOR RELIEF

57. Paragraphs 1 through 56 are incorporated expressly by reference as if set forth fully herein.

58. Denied.

　　(a) – (j).  Denied.

59. All allegations set forth in paragraph fifty-nine of the amended petition are denied.  By way of further answer, the respondent states that the petitioner's claim that

12

the court "put him to plea before making the requisite inquiry to determine whether he was changing his plea knowingly and voluntarily" has no legal significance as there is no constitutional requirement for the trial court to do so.  In addition, as to the petitioner's claim that the trial court did not inquire as to whether the petitioner understood the elements of the charge of murder, the respondent similarly states that there is no constitutional requirement for the *trial court* to do so, and further notes that, in fact, in this particular petitioner's case, the trial court did actually explain what the state would have to prove to convict him of murder.[7]

### BAR TO CLAIMS IN THE PETITION

Pursuant to Rule 5(b) of the Rules Governing § 2254 Cases, the respondent states that some of the claims for relief in the amended petition are barred by a failure to exhaust state remedies.  Specifically, to the extent that the federal petition raises any additional claims not actually raised in the petitioner's original *pro se* state habeas petition, such claims have not been fully exhausted and are, thus, barred.[8]  In addition, the claim in paragraph fifty-nine that trial defense counsel and/or the trial court never addressed the elements of murder, to which the petitioner pleaded guilty, has not been

---

[7] See Exhibit J to amended petition (Doc. #33-11, p. 7) ("THE COURT: Essentially, the State would have to prove that you caused the death of Mr. Burnadell with the intent to cause the death of Mr. Burnadell.  Do you understand that's what the State would have to prove to convict you of the crime of murder?  Do you understand that?  MR. LORTHE:  Yes.")

[8] As the Appellate Court noted, the petitioner's habeas appellate counsel abandoned the claim that the habeas court improperly *sua sponte* dismissed the state habeas petition.  Thus, any claims that the petitioner contends *should have* been raised in the first state habeas petition, must be exhausted through a subsequent state habeas petition raising ineffective assistance of habeas trial and habeas appellate counsel.

raised in any state court. Such claim, therefore, has not been fully exhausted and consequently is barred. Accordingly, the petition is a mixed petition.

           Respectfully submitted,

           **WARDEN, STATE PRISON,**
           **Respondent**

           / S / Tamara A. Grosso
By: _____
           TAMARA A. GROSSO
           Special Deputy Assistant State's Attorney
           Civil Litigation Bureau
           Office of the Chief State's Attorney
           300 Corporate Place
           Rocky Hill, Connecticut 06067
           Tel. No. (860) 258-5887
           Fax No. (860) 258-5968
           Federal Bar No. ct 27294

## CERTIFICATE OF SERVICE

     I hereby certify that on September 3, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

           / S / Tamara A. Grosso
           _____
           TAMARA A. GROSSO

## LIST OF EXHIBITS TO RESPONDENT'S ANSWER

Exhibit 1     Petition for Writ of Habeas Corpus, CV 01-0813116, Judicial District of Hartford (transferred to Tolland J.D.), dated November 26, 2001

Exhibit 2     December 21, 2001 Order of Superior Court (Rittenband, J.) referring petitioner to Office of Chief Public Defender for state habeas action

Exhibit 3     Public Defender's May 16, 2002 Motion to Appoint Attorney Kenneth Fox

Exhibit 4     Attorney Kenneth Fox's Appearance in state habeas action

Exhibit 5     Attorney Fox's November 14, 2003 Motion for Permission to Withdraw

Exhibit 6     April 21, 2004 Memorandum of Decision (Kaplan, J.) Granting Motion to Withdraw

Exhibit 7     Petitioner's December 1, 2004 Request to Reconsider

Exhibit 8     March 14, 2005 Memorandum of Decision (Kaplan, J.) on Petitioner's Request to Reconsider