Henry Lorthe v. Warden
3:01-CV-1479 (AWT)

# Exhibit 3

Respondent's Answer to
Amended Application
for a Writ of Habeas Corpus

NO. CV 01-813116  　　　　　　　　　　　　SUPERIOR COURT

YVES HENRY LORTHE  　　　**FILED**　　　　HARTFORD JD

WARNER　　　　　　MAY 17 2002　　　　MAY 16, 2002

　　　　　　　　　　HARTFORD J.D.

## MOTION FOR APPOINTMENT OF SPECIAL PUBLIC DEFENDER AND MOTION TO WITHDRAW APPEARANCE IN HABEAS

The undersigned moves for the appointment of a special public defender in this matter, and further moves that the appearances of all public defenders to be withdrawn upon the filing of the special public defender's appearance.

In support of this motion the undersigned relies upon the following:

1. The Court is authorized by Connecticut General Statutes § 51-296 (a) to appoint a public defender to represent an indigent petitioner "in any habeas corpus proceedings arising from a criminal matter."

2. The petitioner in this matter has been determined to be indigent, and the habeas corpus petition arises from a criminal matter. Thus the petitioner is entitled to the appointment of counsel.

3. Connecticut General Statutes §51-293(a)(2) authorizes the Court to appoint "a special assistant public defender on a contractual basis for a temporary period in an appropriate case, whose expenses and compensation shall be paid from the budget of the Public Defender Services Commission."

4. Connecticut General Statutes §51-291(11), C.G.S. provides that the Chief Public Defender shall "[m]aintain one or more lists of trial lawyers who may be available to represent persons in habeas corpus proceedings arising from criminal matters....on a case by case basis, as needed."

5. The Public Defender Services Commission has adopted a Caseload Goal for attorneys in the Habeas Corpus Unit of the Office of Chief Public Defender is a caseload not to exceed 20 to 25 new cases assigned per attorney per year.

6. The total number of habeas corpus matters requiring the appointment of counsel annually exceeds the number of cases that the Habeas Corpus Unit can handle in accordance with the Commission's Caseload Goal.

7. It is necessary to engage the services of special public defenders in order to meet the Commission's Caseload Goals and provide timely and effective representation to indigent habeas corpus petitioners.

8. It is the policy of the Public Defender Services Commission that the Chief of Habeas Corpus Services shall request the Superior Court to appoint special public defenders in all habeas corpus proceedings arising from criminal matters in which the petitioner was represented at the trial level by a public defender or special public defender, for the purpose of limiting the caseload of the Habeas Corpus Unit.

9. The petitioner in this case was represented in the trial court by a public defender.

The attorney listed below has consented to be appointed in this matter as a special public defender:

> Attorney Kenneth Fox
> Juris No. 409753
> 627 Quinnipiac Ave.
> New Haven, CT 06513
> (203) 931-3316

WHEREFORE, the Court should determine that this is an appropriate case in which to appoint a special public defender in order provide timely and effective representation to indigent habeas corpus petitioners and should appoint Attorney Kenneth Fox in this matter.

Respectfully submitted,
YVES HENRY LORTHE

By: _____
Temmy Ann Pieszak
Office of the Chief Public Defender
Habeas Corpus Unit Juris # 405845
2275 Silas Deane Highway
Rocky Hill, Connecticut 06067
Telephone: (860) 258-4940

## ORDER

The foregoing having been considered, it is hereby

ORDERED: GRANTED / ~~DENIED~~

BY THE COURT

_____, J T<u>sp</u>
5—21—0<u>2</u>

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to Attorney Kenneth Fox at the above address, to all counsel of record and to the petitioner on May 16, 2002.

Counsel of Record:

Attorney David Cohen
Office of the State's Attorney
115 Hoyt Street
Stamford, CT 06905

Yves Henry Lorthe, #281693
MacDougall CI
1153 East Street South
Suffield, CT 06080-0002

_____
Temmy Ann Pieszak