Henry Lorthe v. Warden
3:01-CV-1479 (AWT)

# Exhibit 5

Respondent's Answer to
Amended Application
for a Writ of Habeas Corpus

| | | |
|---|---|---|
| CV 01-813116-S | \| | Superior Court |
| Yves Henry Lorthe | \| | Judicial District of Tolland |
| v | \| | at Rockville / Habeas |
| Warden, State Prison | \| | November 14, 2003 |

## To Be Filed Under Seal

**Motion for Leave to Withdraw Appearance pursuant to the "Anders" Doctrine, and Memorandum of Law in Support Thereof, pursuant to Practice Book § 23-41**

The undersigned, attorney for the petitioner, seeks this Court's permission to withdraw his appearance, and in support thereof respectfully states:

The petitioner was the defendant in case: CR 00-132150, in Superior Court - Stamford, charged with murder, in violation of C.G.S. § 53a-54a. Petitioner was represented initially by Attorney Susan Hankins of the Office of the Public Defender. Attorney Hankins engaged in discussion with the Office of the State's Attorney concerning a possible plea agreement, including the possibility that the petitioner might be willing to plead to manslaughter in consideration of a sentence of twenty years' incarceration.

Petitioner and his family privately retained Attorney Gary Mastronardi,

[Clerk's Note: Document unsealed pursuant to Appellate Court order dated July 26, 2006. See page 41 in the photoduplicated record.]

1

who took over from Attorney Hankins. Attorney Mastronardi arranged for petitioner to be evaluated by psychiatrist Kenneth Selig. Dr. Selig examined the petitioner and reported that there was no significant basis for claims of mental disease or defect, or of extreme emotional disturbance. Dr. Selig evaluated the possibility that MRI exam and other neurological testing might substantiate brain damage sustained by petitioner earlier in life and concluded that it was unlikely that brain damage of significance for petitioner's criminal case would be substantiated.

Attorney Mastronardi entered into plea bargaining with the State and learned that because of demands from the victim's family for strenuous prosecution and severe punishment, the State was unwilling to agree to any charge other than murder, carrying a minimum sentence of twenty-five years' incarceration. Attorney Mastronardi communicated this information to the petitioner, indicating that the best resolution he could obtain would be a sentence of twenty-five years' incarceration.

Subsequently, Attorney Mastronardi indicated to petitioner that the twenty-five year offer was an error on his part. The Judge had indicated to Attorney Mastronardi that the offer he would allow would be for "cap" of thirty years' incarceration, with the right to argue for less, in exchange for petitioner's guilty plea to murder.

2

On April 16, 2001, petitioner entered a plea of guilty, pursuant to the plea agreement. On June 13, 2001,* Attorney Mastronardi argued for a sentence of less than thirty years and the Court sentenced petitioner to twenty-seven years' incarceration, which conformed to the plea agreement. There was some confusion over the pre-sentence investigation report, as to whether the petitioner felt remorse for what he had done. However he did apologize in open court and express remorse. The victim was in fact petitioner's cousin, although it would appear that they had never been close emotionally.

Subsequently, petitioner filed a <u>pro se</u> habeas petition in which he alleged various claims of ineffective assistance by Attorney Mastronardi. He alleged that the psychiatric evaluation Attorney Mastronardi obtained was inadequate; that the failure to obtain MRI and EEG tests represented ineffective assistance; and that petitioner believed when he pled that the plea agreement was for twenty-five years' incarceration.

Petitioner had previously filed a grievance against Attorney Mastronardi. In response to similar allegations in the grievance statement, Attorney Mastronardi made clear that Dr. Selig's evaluation was complete and authoritative; that there was no reasonable basis for obtaining MRI and other tests; and that the original error about the plea offer was corrected,

\* [Clerk's Note: The transcript of June 13, 2001, is not reprinted here, but is available in the court file.]

such that on the day of pleading petitioner was clear that the offer was for a cap of thirty years with the right to argue for less.

In addition, in his habeas petition, petitioner claimed that because his parents had not paid Attorney Mastronardi the entire fee agreed upon, Attorney Mastronardi has a duty to withdraw as his counsel, after which the Office of the Public Defender would resume representing him. The Office of the Public Defender would then have obtained MRI and other tests and successfully defended him on the basis of brain damage. This claim had also been raised in petitioner's grievance. Attorney Mastronardi suggested in his response to the grievance that such a claim was preposterous.

Also, in his habeas petition, petitioner indicated that Attorney Mastronardi ought to have raised "cultural" factors relating to petitioner's origins in Haiti, that might be the basis for defenses to the murder charge. Petitioner also suggested that he did not understand what was happening at the plea hearing because he failed to complete high school and had a poor understanding of English and should have been provided a Haitian Creole interpreter. These claims were also raised in the grievance. Attorney Mastronardi responded to the grievance by stating that he never had any indication, in dealing with petitioner, that he did not understand what was being said to him, or that his own statements, in English, were not fully

4

intended and comprehended by him. The undersigned would also indicate that in his dealings with petitioner there has never been a suggestion by the petitioner that an interpreter was needed, or that he did not understand conversations, letters and documents in English.

Petitioner also claimed in the habeas petition and in his grievance that he was not advised that non-citizens might become subject to immigration consequences if convicted of murder. Again Attorney Mastronardi responded that this was incorrect, that the plea canvass included the non-citizen advisement.

Given all of the above, it is the conclusion of the undersigned that there is no credible basis for claiming ineffective assistance of counsel against either Attorney Hankins or Attorney Mastronardi. Petitioner's claims are frivolous and entirely without merit. It must be noted that in addition to overwhelming evidence of numerous witnesses to the offense, the petitioner himself freely admitted to the offense. His chief hope appears to have been that if the case had gone to trial, it might have been possible to convince a jury to convict him only of manslaughter, leading to a lesser sentence. Having reviewed all witness statements and police reports and other materials obtained by Attorneys Hankins and Mastronardi, it is the undersigned's conclusion that there is no reasonable basis to risk going to

5

trial by jury in the hope of obtaining conviction to a lesser offense. The offsetting danger of being convicted of murder and being sentenced to a far longer period of incarceration than twenty-seven years was too great a risk to make taking the case to trial a reasonable representation strategy.

### "Anders" Doctrine and Conclusion

Connecticut law parallels and invokes the federal case law of Anders v. California, in holding that if counsel concludes, after conscientious investigation and analysis, that a habeas claim is without merit and, or, wholly frivolous, counsel must so advise the Court and request permission to withdraw. Franko v. Bronson, 19 Conn. App. 686 (1989) (following Anders v. California, 386 U.S. 738 (1967)). Based upon the investigation and analysis detailed above, the undersigned concludes that claims of ineffective assistance of counsel against Attorneys Hankins and Mastronardi in their representation of the petitioner would be frivolous and without merit. The undersigned therefore requests this Court's permission to withdraw his appearance on behalf of the petitioner.

Petitioner has been noticed of this motion to withdraw and shall have thirty days to respond in writing, including stating an objection to the withdrawal. If an objection is filed, he shall have the right to a hearing, at

which this Court may, in its discretion, deny the request to withdraw, or authorize him to proceed pro se, should the request to withdraw be granted.

**WHEREFORE,** for the foregoing reasons, counsel requests this Court's permission to withdraw his appearance.

Respectfully,

*Kenneth Paul Fox*
Kenneth Paul Fox, Attorney for Petitioner
Special Public Defender
627 Quinnipiac Avenue
New Haven, CT 06513
(203) 931-3316
fax: (203) 466-8262
Juris No. 409753

### Order

The foregoing having been considered, petitioner's counsel's motion to withdraw his appearance in this habeas corpus case is hereby ordered:

(Granted) ✓   ~~Denied~~  See Memorandum of Decision dated 4/21/04.

By: _____
Judge of the Superior Court (Kaplan, J.)

### Certification

The undersigned hereby signifies that a copy of the foregoing was mailed, first class postage prepaid, on November ~~12~~ 15, 2003, to:

Mr. Yves Henry Lorthe
No. 281693
MacDougall C. I.
1153 East Street South
Suffield, CT 06078

*Kenneth Paul Fox*, Kenneth Paul Fox

7