Henry Lorthe v. Warden
3:01-CV-1479 (AWT)

# Exhibit 8

Respondent's Answer to
Amended Application
for a Writ of Habeas Corpus

STATE OF CONNECTICUT

| | | |
|---|---|---|
| DOCKET NUMBER: CV01-0813116 S | : | SUPERIOR COURT |
| | : | |
| LORTHE, YVES HENRY, #281693 | : | |
| | : | JUDICIAL DISTRICT OF |
| V. | : | TOLLAND AT ROCKVILLE |
| | : | |
| WARDEN | : | DATE: MARCH 14, 2005 |

### MEMORANDUM OF DECISION ON PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL AND REQUEST TO RECONSIDER

On April 21, 2004, this court granted appointed counsel's motion for permission to withdraw and rendered judgment dismissing the petition for a writ of habeas corpus. The petitioner timely filed a petition for certification to appeal accompanied by an application for a waiver of fees, costs and expenses and appointment of counsel on appeal. On October 1, 2004, the court denied the petition for certification to appeal and granted the application for waiver of fees, costs and expenses on appeal. The court at that time did not, however, appoint counsel on appeal. On November 23, 2004, notice was issued on the October 1, 2004 order. Notice was provided to the petitioner, the State's Attorney for the Judicial District of Stamford/Norwalk, and the Legal Services Unit of the Office of the Chief Public Defender.

On November 30, 2004, the petitioner timely filed an appeal, which was endorsed by the clerk. Public Defender Martin Zeldis filed a 'limited appearance' on December 6, 2004. The appearance indicated that it was "limited to representation regarding the request to reconsider and motion for extension of time and subject to a determination regarding the propriety here of the appointment of the public defender as counsel." Neither the motion for extension of time nor the request to reconsider requests oral argument or a hearing.

The motion for extension of time within which to file appeal seeks twenty days from the court's decision on the request for reconsideration to file the appeal. The petitioner himself filed an appeal within twenty days of notice being issued of the orders on the petition for certification to appeal and application for waiver of fees. Practice Book § 63-1 (a). Accordingly, the court finds that motion for extension of time to file an appeal is **MOOT**.

As to the request to reconsider, which asks for this court to reconsider it rulings as articulated in the April 21, 2004 Memorandum of Decision, Attorney Zeldis indicates that he "is unable to proceed, if appropriate, with th[e] appeal until and unless there is a reconsideration of certain following unconsidered matters." Request to Reconsider, at 2. These unconsidered matters are identified as: 1) the apparent failure by this court to allow the petitioner to be heard on the motion to withdraw, and 2) this court's dismissal of the habeas corpus petition without allowing the petitioner to be heard. *Id.* In support thereof, Attorney Zeldis "maintains that the thrust of Motions to Withdraw as counsel made pursuant to Anders v. California, 386 U.S. 738 (1967), is to allow counsel to withdraw only. Thereafter the Petitioner or criminal Defendant should be allowed to pursue their claims pro se. Because of the court's sua sponte decision to dismiss the petition at the same time that it ruled to allow

withdrawal of habeas trial counsel, this Petitioner was improperly denied his right to represent himself on his habeas corpus petition." *Id.*, at 2-3.[1]

It is evident that the gravamen of the request for reconsideration is that this court neither set down for a hearing appointed counsel's motion for permission to withdraw and petitioner's objection thereto, nor did it set the matter down for a hearing before dismissing the petition in accordance with Practice Book § 23-42. It is noteworthy that the petitioner does not cite any authority to support petitioner's contention that he had a right to such a hearing.

Several Practice Book provisions are relevant to the court's decision. § 23-21 states in relevant that: "Except as otherwise provided herein, the procedures set forth in Sections 23-22 through 23-42 shall apply to any petition for a writ of habeas corpus which sets forth a claim of illegal confinement."[2]

Practice Book § 23-29 states in relevant part that: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: ... (5) any other legally sufficient ground for dismissal of the petition exists."

Practice Book § 23-40 states in relevant part that: "(a) The petitioner and, if they are not the same, the subject of the petition, shall have the right to be present at any evidentiary hearing and at any hearing or oral argument on a question of law which may be dispositive of the case, unless the petitioner, or the subject of the petition, as the case may be, waives such right or is

---

1. The United States Supreme Court recently held in <u>Martinez v. Court of Appeals of California, Fourth Appellate District</u>, 528 U.S. 152 (2000), that there is no federal constitutional right to self-representation in post-conviction proceedings arising from criminal convictions.
2. By way of example, one such exception otherwise provided for is criminal practice § 43-30, which requires that notice of right to appeal be provided to habeas corpus petitioners when there has been an adverse decision on a habeas corpus petition.

excused by the judicial authority for good cause shown. If the petitioner is represented by counsel, the judicial authority may, but is not required to, permit the petitioner to be present at any other proceeding."

Practice Book § 23-41 states in relevant part that: "(a) When counsel has been appointed pursuant to Section 23-26, and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous, counsel shall so advise the judicial authority by filing a motion for leave to withdraw from the case. (b) Any motion for leave to withdraw shall be filed under seal and provided to the petitioner. Counsel shall serve opposing counsel with notice that a motion for leave to withdraw has been filed, but shall not serve opposing counsel with a copy of the motion or any memorandum of law. The petitioner shall have thirty days from the date the motion is filed *to respond in writing*." (Emphasis added.)

Most important for purposes of the instant discussion is Practice Book § 23-42 (Judicial Action on Motion for Permission to Withdraw Appearance), which states in relevant part that: "(a) If the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall *consider* whether the petition shall be dismissed or allowed to proceed, with the petitioner *pro se*." (Emphasis added.)

In Anders v. California, supra, 386 U.S. 744, the United States Supreme Court used the term "examination" to describe the procedure utilized by a court reviewing appointed counsel's motion for permission to withdraw. Through its research, the court has been unable to locate a definition of "examination" in either statutory or case law that leads this court to conclude that a hearing is mandated before a habeas petition can be dismissed in accordance with Practice

Book § 23-42.

In <u>State v. Peeler</u>, 271 Conn. 338, 857 A.2d 808 (2004), the Supreme Court reiterated the applicable standard when neither an appellate court nor the legislature has had occasion to define a particular phrase. "Thus, in construing the term, we look to its commonly approved usage, an inquiry that often is achieved through the examination of dictionary definitions. <u>Kelo v. New London</u>, 268 Conn. 1, 17, 843 A.2d 500 (2004); *see also* <u>State v. Vickers</u>, 260 Conn. 219, 224, 796 A.2d 502 (2002) ('where a statute does not define a term it is appropriate to look to the common understanding expressed in the law and in dictionaries'; <u>State v. Indrisano</u>, 228 Conn. 795, 809, 640 A.2d 986 (1994) ('if a statute or regulation does not sufficiently define a term, it is appropriate to look to the common understanding of the term as expressed in a dictionary'); *see also* General Statutes § 1-1 (a)."[3] <u>State v. Peeler</u>, supra, 271 Conn. 454.

'Examination' has been defined as follows: "an examining or being examined; investigation; inspection; scrutiny; inquiry; testing." Webster's New World Dictionary (2d College Ed. 1980).

The word 'examination' was used in <u>Anders</u> in the following context: "A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court --- not counsel --- proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id*. The <u>Anders</u> court went on to note that requiring appointed counsel to comply with the procedures spelled out in <u>Anders</u> "would also induce the court to pursue all the more vigorously its own review because of the

---

3. C.G.S. § 1-1 (a) provides that: "In construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly."

ready references not only to the record, but also to the legal authorities as furnished it by counsel." *Id.*, at 745. The Connecticut Supreme Court has fully adopted these Anders requirements. *See* State v. Pascucci, 161 Conn. 382, 385-86, 288 A.2d 408 (1971).

The court finds that the term 'examination,' as used in Anders and Pascucci, does not support petitioner's contention that a hearing is required before a court can decide a motion for permission to withdraw filed under Anders. While the term 'examination' was not specifically defined by the Anders court, the term is generally synonymous with 'scrutiny' and 'inspection.' The term 'review,' which was also used by the Anders court to describe the court's task, is also synonymous with 'examination.' None of these terms support the contention that a hearing is required. Furthermore, there is no indication from either Practice Book §§ 23-41 and 23-42, which control motions for permission to withdraw in habeas corpus petitions, or decisions such as Anders and Pascucci, that a hearing is mandated or necessary. Those sections and decisions proscribe, instead, that the court review the motion, supporting memorandum, the record and supporting authorities before rendering a decision on the motion for permission to withdraw.

Based upon the foregoing, the court finds that there is no authority for the petitioner's argument that he was entitled to a hearing on counsel's motion for permission to withdraw and the objection thereto.

The petitioner's request for reconsideration also asks this court to reconsider not setting the matter down for a hearing prior to dismissing the petition in accordance with Practice Book § 23-42 (a). That section states in relevant part that: "If the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall *consider* whether the petition shall be dismissed or allowed to proceed, with the petitioner *pro se*." (Emphasis

added.) The petitioner is arguing, in effect, that after a court finds that a habeas petition is wholly without merit, the consideration of whether the habeas petition shall be dismissed requires a hearing. The petitioner cites no authority for this proposition.

Connecticut General Statutes § 52-470 (a) states that: "The court or judge ***hearing*** any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require." (Emphasis added.) In Negron v. Warden, 180 Conn. 153, 157 n.2, 429 A.2d 841 (1980), the Supreme Court noted that "[§] 52-470 serves ... only to delineate the proper scope of a hearing if one is legally required. To determine whether a hearing is, in the first instance, legally required, Practice Book, 1978, 531 must be considered."

In Mercer v. Commissioner of Correction, 230 Conn. 88, 93, 644 A.2d 340 (1994), the Supreme Court indicated that:

> Both statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims. General Statutes 52-470 (a) provides that 'the court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require.' In Negron v. Warden, 180 Conn. 153, 158 n.2, 429 A.2d 841 (1980), we noted that whenever a court is 'legally required' to hear a habeas petition, 52-470 (a) 'delineates the proper scope of the hearing. The statute explicitly directs the habeas court to 'dispose of the case' only after 'hearing the testimony and arguments therein.'

> In our case law, we have recognized only *one* situation in which a court is not 'legally required' to hear a habeas petition. In <u>Negron v. Warden</u>, supra, 180 Conn. 158, we observed that, pursuant to Practice Book 531,[4] '*if a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing.*' We emphasized the narrowness of our construction of Practice Book 531 by holding that *dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. Id.*, 158 and n.2. <u>Negron</u> therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed." (Emphasis added.)

This holding in <u>Mercer</u> was recently followed in <u>Carpenter v. Commissioner of Correction</u>, 81 Conn. App. 203 (2004). The Supreme Court has granted certification to appeal, limited to the issue of whether "the Appellate Court properly conclude[d] that the petitioner was entitled to an evidentiary hearing on his petition for habeas corpus." <u>Carpenter v. Commissioner of</u>

---

4. Practice Book 531 provided: "if the petitioner has filed a previous application, it and the action taken thereon shall be summarily described in the pending application. If the previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." <u>Iasiello v. Manson</u>, 12 Conn. App. 268, 271-72, 530 A.2d 1075, cert. denied, 205 Conn. 811, 532 A.2d 586 (1987).

The 1998 revisions to the Practice Book eliminated section 531 and did not incorporate a similar section. The <u>Mercer</u> decision involved this now defunct section 531 and preceded the 1998 Revision of the Practice Book. Practice Book § 23-29, however, currently gives a habeas court the "authority ..., at any time, upon its own motion or upon motion of the respondent, [to] dismiss the petition, or any count thereof, if it determines that: ... (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition[.]"

Correction, 268 Conn. 917 (2004).[5]

A particularly noteworthy aspect of Mercer is that the habeas court and the Appellate Court, which had affirmed the habeas court's dismissal of the petition, "reasoned that [the Supreme Court's] opinion on the petitioner's direct appeal already had conclusively determined that he had been afforded a fair trial and that any default by the petitioner's trial or appellate counsel could not, therefore, have prejudiced his case." Mercer v. Commissioner of Correction, supra, 230 Conn. 92. On appeal from the habeas court's dismissal, "the petitioner contend[ed] … that [the Supreme Court's] affirmance of his conviction on direct appeal [did] not bar habeas relief. Because [the] affirmance was predicated on the record then before [the Supreme Court], the petitioner contend[ed] that he [was] entitled to an opportunity to present further evidence to support his claim that inadequate assistance of counsel deprived him of a fair trial." (Internal citations omitted.) *Id.*

After reviewing Negron and its holding regarding Practice Book § 531, the Mercer court was "persuaded that the petitioner ha[d] made a compelling case for an evidentiary

---

5. That matter currently is pending before the Supreme Court, which heard oral arguments in Carpenter on February 15, 2005. The Appellate Court's decision in Carpenter that a hearing was legally required was based on Mercer and other relevant caselaw, such as Negron. Carpenter v. Commissioner of Correction, supra, 81 Conn. App. 212. The Appellate Court had to concede "that our Supreme Court has stated that General Statutes § 52-470 'serves … only to delineate the proper scope of a hearing if one is legally required.' Negron v. Warden, supra, 180 Conn. 157-58 n.2. *Section 52-470 does not, therefore, mandate that the court hold an evidentiary hearing*, as the petitioner claims." (Emphasis added.) Carpenter v. Commissioner of Correction, supra, 81 Conn. App. 212 n.5.
   It is clear from Negron and Mercer, as well as the Appellate Court's decision in Carpenter, that the right to a hearing stems from Practice Book § 531. Interestingly, the Appellate Court in Carpenter indicated that § 531 is now § 23-29. That latter section indicates that "the judicial authority may, at any time, upon its own motion …, dismiss the petition, or any count thereof," for the grounds stated in subsections (1) through (5). § 23-29 does not, contrary to § 531, make any reference to a hearing.

Page 9 of 13

hearing of his petition for habeas corpus. The petitioner [wa]s making his first claim for relief, and nothing in Practice Book 531 limit[ed] the availability of evidentiary hearings for the first habeas trial. ... [T]here may never have been a proper determination of whether there was error in the first proceeding because of the allegedly incompetent counsel." (Internal citations and quotation marks omitted.) *Id.*, at 94-95.

This court noted in the April 21, 2004 Memorandum of Decision that "the petitioner assert[ed a claim of] ineffective assistance of counsel on the grounds that he was denied his right to confront adverse witnesses and was sentenced upon a guilty plea that did not comply with the relevant Practice Book provisions." Mem. Of Decision, at 4. The court found, based on its review of the record, that "the petitioner waived his rights to confront witnesses and that the guilty plea complied with Sections 39-19 and 39-20 of the Practice Book." *Id*. The petitioner's second basis for ineffective assistance of counsel was premised on counsel's failure to advise him of immigration consequences concerning his guilty plea. *Id*. The record clearly showed that the petitioner was informed by the court of possible immigration consequences, including the possibility of deportation, exclusion from the United States, and denial of naturalization. *Id.*, at 4-5. This court concluded that there were no non-frivolous claims to be tried.

The question then becomes the following: to what extent is there a legal requirement under the current Practice Book provisions to hold a hearing prior to dismissing a habeas petition that has been found to be frivolous? The only Practice Book section bearing on this question is § 23-40 (a), which controls habeas corpus petitioners' appearances in court. The plain language of that section indicates that a petitioner has a right to be present **if** there is an

evidentiary or dispositive hearing or oral argument on an issue of law. The hearing or oral argument, should there be one, triggers the petitioner's right to be present. The hearing or oral argument itself is a condition precedent for there to be a right to be present. Thus, if there is no hearing or oral argument, it follows that there is no right to be present. Connecticut General Statutes § 52-470 delineates the proper scope of a hearing if one is legally required. Practice Book § 23-40 (a) serves to delineate when the petitioner has a right to be present, but does not mandate when the court must hold a hearing.

In Sanders v. United States, 373 U.S. 1, 15-18 (1963), the United States Supreme Court addressed when successive petitions seeking to relitigate the same grounds previously asserted and denied may be dismissed without a hearing. After enumerating a three-part test to determine when "controlling weight may be given to denial of a prior application for ... habeas corpus;" *Id.*, at 16; the Sanders court noted that this "enumeration is not intended to be exhaustive; the test is 'the ends of justice' and it cannot be too finely particularized." *Id.*, at 17. Connecticut has fully adopted these Sanders' requirements. *See, e.g.,* Iasiello v. Manson, supra, 12 Conn. App. 272-73; Tirado v. Commissioner of Correction, 24 Conn. App. 152, 155-56, 586 A.2d 625 (1991).

The instant matter is distinguishable from Sanders in that the habeas petition is not a successive petition attempting to relitigate a previously raised claim. This matter is also distinguishable, however, because appointed counsel investigated the petitioner's claims and concluded that there were no non-frivolous claims. This court thoroughly reviewed the matter and, concurring with appointed counsel's conclusion, found that there are no non-frivolous issues to be tried. Stated differently, both appointed counsel and this court have concluded that

the petitioner's claims are wholly frivolous because they "[lack] a legal basis or legal merit." Black's Law Dictionary (7th Ed. 1999).

In <u>Freeney v. Commissioner of Correction</u>, 51 Conn. App. 378, 721 A.2d 571 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999), this court granted appointed counsel's motion for permission to withdraw and dismissed the habeas corpus petition in accordance with Practice Book § 23-42. On appeal, that petitioner "claim[ed] ... that the habeas court improperly denied his right to address the reasons for which the court dismissed the petition." <u>Id.</u>, at 381. The Appellate Court addressed the claim with the following analysis of the relevant Practice Book sections:

> Practice Book § 23-41, formerly § 529T, provides that "[w]hen counsel has been appointed ... and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous ... shall so advise the judicial authority by filing a motion for leave to withdraw from the case ... The petitioner shall have thirty days from the date the motion is filed to respond in writing." Practice Book § 23-42, formerly § 529U, further provides that "[i]f the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall consider whether the petition shall be dismissed or allowed to proceed, with the petitioner pro se. ..."
> The petitioner's claim is not clear as to how the habeas court denied his right to address that court's dismissal of his petition. Pursuant to Practice Book § 23-41, the habeas court gave the petitioner the opportunity to file a written opposition to counsel's request to withdraw, which the petitioner filed. After reviewing the petitioner's objection, the habeas court concluded that the habeas petition was frivolous and dismissed it. *If the petitioner is claiming that he was entitled to oral argument to set forth his objections to the dismissal, he fails to provide us with,* **nor can we find any**, *authority to support that claim.* We conclude that the petitioner was provided adequate opportunity to address the court's dismissal of his petition. (Emphasis added.) <u>Id.</u>, at 382.

Based on the foregoing, this court concludes that there is no legal requirement for a hearing when a reviewing court considers and then dismisses a habeas petition in accordance with Practice Book § 23-42 (a).

Lastly, the petitioner argues that he was improperly denied his right to represent himself on his habeas corpus petition. The petitioner filed a written objection to counsel's motion to withdraw. The court considered the objection before granting the motion to withdraw and then dismissing the habeas corpus petition. As is evident from the Appellate Court's discussion in Freeney, the petitioner in the instant matter was provided adequate opportunity to address the court's dismissal of the petition. The court finds that the petitioner was not denied the opportunity to represent himself.

Based upon all the foregoing, the court having now considered the previously unconsidered matters, the petitioner's request for reconsideration is **GRANTED**, but the relief requested therein is **DENIED**. As already indicated, the motion for extension of time to file appeal is **MOOT**.

The court finds, furthermore, that the issues raised by the request for reconsideration are debatable among jurists of reason, that a court could resolve the issues in a different manner, and that the questions are adequate to deserve encouragement to proceed further. Lozada v.Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991); Simms v. Warden, 230 Conn. 608, 616, 646 A.2d 126 (1994). The order denying the petition for certification to appeal is, therefore, **VACATED**. Instead, the petition for certification to appeal is **GRANTED**.

Finally, the Office of the Chief Public Defender is appointed to represent the petitioner on appeal.

J. KAPLAN, A.J.

Copies mailed/given to:

Y. H. Louthe
Atty. Zeldis