```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

HENRY Y. LORTHE,
    Petitioner,

    v.                           Case No.: 3:01-cv-1479 (AWT)

WARDEN,
    Respondent.

## RULING ON MOTION TO DISMISS SECOND AMENDED PETITION
## FOR WRIT OF HABEAS CORPUS

The respondent has moved to dismiss the petitioner's second amended petition on the ground that the petitioner has failed to exhaust his state court remedies for the claims stated therein. Resp't's Mot. to Dismiss Second Am. Pet. [Doc.#108]. The second amended petition states eighteen claims of ineffective assistance of trial counsel, and the respondent contends that none of them have been exhausted in state court. See Second Am. Pet. [Doc.#103] at 4-5; Mem. in Supp. of Resp't's Mot. to Dismiss Second Am. Pet. for Writ of Habeas Corpus ("Resp't Mem.") [Doc.#109] at 4. The petitioner counters that the state's highest courts have denied him leave to file a late appeal to exhaust his state court remedies, and therefore, he has satisfied the exhaustion requirement. Pet'r Obj. Mot. to Dismiss Second Am. Pet.; Mem. in Supp. of Pet'r Mot. to Grant Second Am. Pet. for Writ of Habeas Corpus ("Pet'r Mem.") [Doc.#112] at 3. Because the court agrees that most of the claims raised in the second amended petition remain unexhausted,

the motion to dismiss is being granted.

I.  **Procedural History**

The court incorporates the following procedural history from the ruling on the respondent's motion to dismiss the first amended petition:

> On August 7, 2001, the petitioner, Henry Lorthe, filed a petition for writ of habeas corpus [in this court], pursuant to 28 U.S.C. § 2254 [Doc.#2]. On September 13, 2001, the court ordered that the petitioner's federal petition be stayed in order to permit the petitioner an opportunity to exhaust his state court remedies [See Doc.#4]. Thereafter, the petitioner filed two state habeas actions, but did not appeal the adverse judgment entered in either of them. See Order of Dismissal [Doc.#12]. Therefore, on March 22, 2006, the court vacated its previous order staying the petition and issued a new order dismissing the petition with leave to reopen the judgment following proper exhaustion. See id.
>
> On January 23, 2008, the court granted the petitioner's motion to reopen the case after the order was issued with respect to his appeal from the state habeas court's decision [See Doc.#17]. On June 25, 2008, following a motion to withdraw filed by respondent's counsel [See Doc.#24] and several motions for extension of time [See Doc.#s 27, 29, 31], the petitioner filed [his first] amended petition for writ of habeas corpus [Doc.#33]. Thereafter, the respondent filed an answer to the amended petition [Doc.#40], and the petitioner filed a supplemental memorandum in support of his amended petition [Doc.#47].
>
> Following conferences with the court, the respondent moved to dismiss the amended petition because the petitioner had still failed to exhaust his claims in state court [Doc.#66]. He argued that the claims raised in the amended federal petition were different from the claims exhausted in state court. See Mem. Supp. Resp't Mot. Dismiss. [Doc.#67]. The court agreed and dismissed the petition on March 11, 2010, advising the petitioner

2

> to return to state court to exhaust his claims. See
> Order Granting Resp't Mot. Dismiss [Doc.#76].
>
> On December 21, 2015, after filing another state habeas
> action and an appeal, the petitioner moved to reopen the
> court's judgment dismissing his amended federal petition
> [Doc.#78]. The court granted the petitioner's motion
> on August 18, 2016 [Doc.#88] and issued an order for the
> respondent to show cause why the amended petition should
> not be granted [Doc.#90].
>
> In response, the respondent filed [another] motion to
> stay the amended petition or, alternatively, dismiss the
> petition in its entirety [Doc.#93]. He argue[d] that,
> although all of the claims in the [amended] petition
> ha[d] been raised and addressed in the state habeas
> court, the petitioner did not raise all of those claims
> in the Connecticut Appellate Court, which dismissed his
> appeal in a per curium decision. See Lorthe v. Comm'r
> of Correction, 153 Conn. App. 903 (2014).[1] Thus, the
> respondent argue[d] that the remaining claims in the
> amended petition still ha[d] not been fully exhausted.
> The petitioner [did] not respond[] to the respondent's
> motion.

Ruling on Resp't's Mot. to Stay or Dismiss Pet. for Writ of Habeas Corpus ("Ruling on Mot. to Dismiss") [Doc.#96] 1-3. On July 11, 2017, the court dismissed the amended petition without prejudice because it agreed with the respondent that the claims raised therein had not been fully exhausted. Id. at 6-7. Although the petitioner had raised all of his ineffective assistance of counsel claims in a state habeas petition, he "expressly chose to limit his appeal of the state habeas court's decision to only [those] claims pertaining to trial counsel's

---

[1] Thereafter, the Connecticut Supreme Court denied certification to appeal the Appellate Court's decision. Lorthe v. Comm'r of Correction, 321 Conn. 906, 135 A.3d 279 (2016).

3

performance at sentencing." Id. at 6. The court ruled that the petitioner could move to reopen the dismissal after fully exhausting his state court remedies and include a second amended petition stating all grounds for relief with "copies of any state court decisions that reflect exhaustion of those grounds." Id. at 7-8.

On May 18, 2018, the petitioner moved to reopen the case [Doc.#102] and submitted the second amended petition stating eighteen grounds of ineffective assistance of trial counsel. The court granted the motion to reopen the case and ordered the respondent to respond to the second amended petition. Thereafter, on July 5, 2018, the respondent filed the instant motion to dismiss the second amended petition.

## II. Legal Standard

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).

Failure to exhaust state remedies may be excused only if

4

"there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B). A petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. See Galdamez, 394 F.3d at 72-74.

In Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the Second Circuit held that a district judge, when confronted with a "mixed petition" containing both exhausted and unexhausted habeas claims has discretion either to dismiss the petition in its entirety or dismiss only the unexhausted claims and stay the balance of the petition. In some cases, as in Zarvela, a stay of the petition is more appropriate because "an outright dismissal could jeopardize the timeliness of a collateral attack." Id. at 380 (quoting Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000)); see also Duncan v. Walker, 533 U.S. 167, 181 (2001) (pendency of first federal habeas petition did not toll limitations period under 28 U.S.C. § 2244(d)(2)). After Zarvela, however, the United States Supreme Court held that staying a mixed petition "decreas[es] a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines v. Weber, 544 U.S. 269, 277 (2005). It permits a petitioner to delay resolution of his federal

5

proceedings. See id. Therefore, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

**III. Discussion**

In his first amended petition, the petitioner stated eight claims of ineffective assistance of trial counsel as grounds for relief. Am. Pet. [Doc.#33] 26-27. The respondent acknowledged, and the court agreed, that the petitioner raised all of those claims in his second state habeas petition. See Ruling on Mot. to Dismiss at 5; Lorthe v Comm'r of Correction, No. CV104003658 (JMN), 2013 WL 1849280 (Conn. Super. Ct. Apr. 10, 2013) [Doc.#94-1]. However, as the court previously ruled, the petitioner expressly limited his appeal from the ruling on that petition to two of the ineffective assistance of counsel claims regarding trial counsel's performance at sentencing. Id. at 6; Pet'r's Appellate Ct. Brief [Doc.#94-7] 5.

In his effort to comply with this court's decision dismissing his first amended petition, the petitioner filed a motion for leave to file a late appeal in the Connecticut Appellate Court "to exhaust state remedies" [Doc.#112-1]. When the Appellate Court denied the motion, the petitioner filed a motion for review of that decision [Doc.#112-2], followed by a motion for leave to file a late appeal in the Connecticut

6

Supreme Court [Doc.#112-3]. Both motions were denied. His second amended petition contains essentially all of the claims stated in the first amended petition and additional claims, which the state habeas court addressed in its decision.[2] Lorthe, 2013 WL 1849280.

The petitioner has not complied with the court's order that he fully exhaust his state court remedies. As the court noted in its previous ruling, his failure results from his decision to limit his appeal from the state habeas court's decision denying his second state petition to only those claims addressing trial counsel's performance at sentencing. The state appellate courts' denial of his motions to file a late appeal does not excuse that failure or exhaust the remaining claims against trial counsel. The petitioner did not give the state appellate courts the opportunity to address the lower court's decision with respect to every claim of ineffective assistance of trial counsel raised in the instant federal petition. As the respondent noted in his memorandum, the petitioner may still file a third habeas corpus petition in state court claiming ineffective assistance of appellate counsel, Attorney James

---

[2] The only claim in the second amended petition that has not been raised previously is that "[t]rial counsel failed to file a written submission in advance of [the] [p]etitioner's sentence hearing." Second Am. Pet. at 5. The petitioner does not allege what the "written submission" would have proven.

Vicario, for failing to raise all of the ineffective assistance of trial counsel claims that were addressed in the second state habeas trial and decision. See Resp't Mem. at 4; Anderson v. Superintendent, No. 9:07-cv-1341 (TJM/GHL), 2010 WL 5067652, *6 (N.D.N.Y. Oct. 21, 2010).

The court recognizes that this case has been reopened and dismissed several times. However, the court cannot address the petitioner's claims unless and until he has utilized all available means to exhaust them. See Galdamez, 394 F.3d at 72-74. The petitioner's decision to exclude all but two ineffective assistance of trial counsel claims from his appeal of the second state habeas court decision, Lorthe, 2013 WL 1849280, left those claims unexhausted. Therefore, dismissal of his second amended petition is warranted.

**IV. Conclusion**

The respondent's motion to dismiss the second amended petition [Doc.#108] is hereby GRANTED. The second amended petition is hereby DISMISSED without prejudice.

The Clerk is directed to enter judgment accordingly and close this case.

The petitioner may file a motion to reopen the case within thirty (30) days after all claims stated in the second amended petition have been fully exhausted. The motion must be accompanied by the state habeas court's ruling on any third

8

habeas petition and, if that petition is denied or dismissed, the decisions from the Connecticut Appellate Court and Connecticut Supreme Court on the appeal from that ruling.

As an alternative to returning to state court, the petitioner may, in a motion to reopen, state his intention to proceed with his second amended petition only on the two exhausted claims regarding trial counsel's performance at sentencing, specifically, his claims that trial counsel failed to investigate and failed to present mitigating evidence. The petitioner is advised, however, that if he proceeds in this manner, he will waive all other claims stated in the second amended petition.

It is so ordered.

Dated this 3rd day of October 2018, at Hartford, Connecticut.

                                                            /s/AWT_____
                                             Alvin W. Thompson
                          United States District Judge